**Donald Gene McROBERTS, Respondent,**

v.

**LaDorna Marlene McROBERTS, Appellant.**

**No. KCD 27676.**

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

of dissolution of marriage if * * * (2) The court finds that there remains no reasonable likelihood that the marriage can be preserved and therefore the marriage is irretrievably broken; * * *." (Italics of the word "shall" added.) A decree of dissolution was entered upon the court's finding under latter quote.

■ To be read in connection with the above provisions of § 452.305 is § 452.360 3: "No earlier than ninety days after entry of a decree of legal separation, on motion of either party, the court *may* convert the decree of legal separation to a decree of dissolution of marriage." (Italics added.)

The Uniform Marriage and Divorce Act, from which Missouri has taken the greater part of its Dissolution of Marriage Act, §§ 452.300 (L.Mo.1973), et seq., contains provisions dissimilar to § 452.305 and § 452.-360, supra. § 302 of the Uniform Act provides that the court shall enter a decree of dissolution if it finds that the marriage is irretrievably broken and "(b) If a party requests a decree of legal separation rather than a decree of dissolution of marriage, the court shall grant the decree in that form *unless the other party objects*." (Italics added.)

§ 314(b) of the Uniform Act, in contrast, provides: "No earlier than 6 months after entry of a decree of legal separation, the court on motion of either party *shall* convert the decree to a decree of dissolution of marriage." Other states have provisions similarly following §§ 302 and 314 of the Uniform Act: Colorado, Montana, Kentucky and Arizona, but none have the apparent mandatory direction for entry of a decree of legal separation if a party requests it.

It does appear that the provisions for the mandatory entry of a decree of dissolution upon a finding that the marriage is irretrievably broken, and the like mandatory direction for the entry of a decree of legal separation, under § 452.305, supra, are ambiguous and in irreconcilable conflict. In this situation, there must be applied the existing case law rules for statutory con-

Thomas D. Cochran and Joe F. Willerth, Independence, for appellant; Piedimonte & Cochran, Independence, of counsel.

Robert G. Neds, Jr., Raytown, for respondent; Gladney & Neds, Raytown, of counsel.

Before SWOFFORD, P. J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

In this appeal from a decree of dissolution awarded the husband upon his prayer, the principal issue is whether the court was mandatorily required to grant the wife's prayer for a decree of legal separation under § 452.305 2 (Laws, Mo. 1973, p. 470, § 2, eff. Jan. 1, 1974), which is "If a party requests a decree of legal separation rather than a decree of dissolution of marriage, the court *shall* grant the decree in that form." Subdivision 1 of this statute provides, "The circuit court *shall* enter a decree

struction. One of these is that "[T]he entire act must be construed together to carry out the legislative intent and all the provisions of the act must be harmonized, if reasonably possible, and effect must be given to every word, clause, sentence, paragraph and section of the act." *Gilbert v. Edwards*, 276 S.W.2d 611, 617 [8] (Mo.App. 1955), and cases cited; 82 C.J.S. Statutes § 346, pp. 705, et seq.; 2A Sutherland, Statutes and Statutory Construction, § 46.-06, p. 63. There is another and more appropriately important rule which is here applicable: " ' "The law is well settled that, where there is an irreconcilable conflict between two different parts of the same act, as a rule the last in order of position will control, unless there is some special reason for holding to the contrary." *State ex rel. Greene County v. Gideon*, 273 Mo. 79, 87, 199 S.W. 948, 949.' " *Jacoby v. Missouri Valley Drainage Dist.*, 349 Mo. 818, 163 S.W.2d 930, 938[2–4] (banc 1942). The provision for legal separation is last in order of position to that for a decree of dissolution, so giving effect to the Jacoby rule of construction, it follows that the mandatorily required decree of dissolution upon the court's finding that the marriage is irretrievably broken must be deemed to be modified by the second provision requiring that a decree of legal separation be decreed if a party so requests. This construction of the statute so as to ascertain the legislative intent to give priority effect to a request for legal separation is buttressed by the provision of § 452.360, subd. 3 supra, which gives the court authority to convert the decree of legal separation to one of dissolution of marriage on the motion of either party, which can mean only that the further legislative intent was to give the parties a "cooling off" period for their marital differences for a ninety day period.

The provisions for legal separation here are not without its problems as are succinctly set forth in the article "The Dissolution of Marriage Law—Lurking Quirks" by Sylvan Agatstein, 32 J. of Mo. Bar 146 (1976). It is there stated with respect to legal separation, " 'when regrettably a marriage has irretrievably broken down, (the objective is) to enable an empty shell to be destroyed with the maximum fairness and the minimum bitterness, distress and humiliation.' It is clear that this objective cannot reasonably be met when one party to a dissolution of marriage action may arbitrarily, willfully, or otherwise, require the preservation of the marriage relationship although the marriage is irretrievably broken." Illustrations set forth by Mr. Agatstein relate to problems in legal separation of a surviving spouse having inheritance rights in a thereafter deceased spouse's estate, even though having had a division of marital property (authorized in legal separation, § 452.330); the inability of a spouse to convey real property without the other spouse joining in the conveyance; and the desirability of continuing the still existing statute for separate maintenance, § 452.-360(3). This court is limited to the construction, supra, of the statute as enacted, and any corrective legislative measures must be addressed to the General Assembly.

No complaint is made by the wife as to a division of marital property except that the judgment required that the $240.00 attorney fee awarded her be deducted from the sale proceeds of the property. This was obviously an error, because it would result in one-half of the attorney fee being deducted from the wife's one-half share. That part of the decree dividing marital property is affirmed, except that upon the remand herein the deduction for attorney's fee allowance is directed to be deleted.

The court charged the costs against the wife. The evidence showed she then had no income. The husband's income was about $825.00 per month, plus payroll deductions for savings bonds which he cashed each month. The equal division of marital property ordered sold would have netted each party about $7,000.00. Under the evidence, the husband would have been relieved by the decree entered dividing property of the mortgage payment on the home, a car payment, a personal loan, and an award of $180.00 per month temporary maintenance, all of which would increase

the net income available to him. The means of the parties were disparate, and the court therefore erred in charging court costs against the wife. Under the record, the court costs should be taxed against the husband. *Crooks v. Crooks*, 197 S.W.2d 678, 685 (Mo.App.1946).

 At the time of the hearing, the wife had no income; she was 43 years of age; she had worked some in her mother's gift and jewelry store; and although she testified that when she was working she was very tired, became depressed and was unable to work full days, she produced no medical evidence as to her claimed physical incapacity. Because maintenance is awardable upon a decree of legal separation (§ 452.335), which is below directed to be entered, the wife should be given the opportunity to present evidence anew as to her physical capacity and need for maintenance thereafter.

That part of the judgment dissolving the marriage is reversed, and the case is remanded with directions to delete the allowance of attorney fees from the computation of property divided; to charge the husband with prior court costs below; to enter a decree of legal separation effective as of the date of the mandate upon this opinion; and to give opportunity to the wife to present evidence upon the issue of her right to maintenance upon the decree of legal separation.

All concur.