**In the Matter of Gayles R. PINE, Respondent.**

**No. 60460.**

Supreme Court of Missouri, En Banc.

Feb. 13, 1979.

Wayne H. Hoecker, Stephen B. Sutton, Kansas City, for informant.

Newton R. Bradley, Robert L. Langdon, Lexington, for respondent.

WELLIVER, Judge.

■ This is a disciplinary proceeding instituted by the Advisory Committee of the Missouri Bar Administration against Gayles R. Pine, who had engaged in the general practice of law in Warrensburg for forty-three years and in September, 1977, retired at age seventy. A hearing was held before special master, David A. McMullan, retired circuit judge. The special master made findings of fact and conclusions of law, and recommended respondent be discharged on all counts. However, in a disciplinary proceeding it is our duty to review the evidence, the credibility, weight and value of the witnesses, and to determine for ourselves all fact issues necessary to a decision. *In re Schiff*, 542 S.W.2d 771, 774 (Mo. banc 1976). Accordingly, we have made an independent review of the evidence before the master.

The information is in four counts. Count IV charged respondent with illegal conduct involving moral turpitude, with conduct prejudicial to the administration of justice, and with conduct reflecting adversely on his fitness to practice law in that, on March 4, 1977, respondent did "flourish a deadly weapon and did point said weapon at one Ernest R. Williams, then and there threatening to kill the said Ernest R. Williams, contrary to the provisions of DR 1–102(A)(3), (5) and (6), Missouri Supreme Court Rule 4.

The master found that the allegations of Count IV were not sustained by the evidence, that respondent "did not verbally threaten to kill Mr. Williams and had no intention of committing an act of violence against him," and that Count IV was effectively abandoned by failure of informants to either mention or support the charges in their post-trial brief. While Count IV was briefed in this court, it was again abandoned by informants in oral argument, and we consider it no further.

■ We now examine the other three counts. Count I charged respondent with failing to timely file a transcript of appeal in the Missouri Court of Appeals, Western District, on behalf of his clients, Mr. and Mrs. Guy Willcockson, contrary to the provisions of DR 6–101(A)(3), DR 7–101(A)(1), (2) and (3), Missouri Supreme Court Rule 4.

This case involved a suit for specific performance brought by respondent on behalf of the Willcocksons (buyers) against the Garrison brothers (sellers). Buyers paid $100 down on a contract to purchase 520 acres, contingent upon securing full financing within 90 days. Buyers remained in possession of this property as tenants throughout the approximately 3½ years of the litigation, and sellers counterclaimed for the unpaid rent which accrued during this time. The case was tried before the court and resulted in a judgment against the Willcocksons on the specific performance and a money judgment for rent against the Willcocksons on the counterclaim, which does not appear to have been paid.

While the Willcocksons were unhappy because they failed to get the farm, this was not the fault of their attorney. The record abounds with evidence that the contingent financing was not timely obtained. The master found that the "failure to file a transcript" on appeal, (or the intentional non-filing of the transcript) was after consultation with the clients and with the clients' consent.

Count II charged respondent with failing to file a brief in the Missouri Court of Appeals, Western District, on behalf of Mrs. LaDorna McRoberts, contrary to the provisions of DR 6–101(A)(3), DR 7–101(A)(1), (2) and (3), Missouri Supreme Court Rule 4. This charge arose out of a divorce proceed-

ing wherein Mrs. McRoberts had been represented by a Kansas City attorney and was unhappy with the results of the trial. The court had awarded Mrs. McRoberts an attorney's fee of $240, but then required this to be deducted from the sale proceeds of marital property, thereby resulting in a splitting of the attorney's fee between the parties. The court also had charged the costs against Mrs. McRoberts, and had entered a decree of divorce instead of the decree of legal separation which she had requested. Mrs. McRoberts' mother requested respondent to advise her daughter. He filed after-trial motions which were overruled, and requested a transcript. Both he and Mrs. McRoberts examined the transcript, after which they discussed the appeal.

The record is clear that respondent advised Mrs. McRoberts that she could probably win the other one-half of the $240 attorney's fee on appeal. He expressed doubts about whether she could secure reversal of the trial court's refusal to enter a decree of legal separation. At that time the applicable statute, § 452.305.2,[1] RSMo Supp.1975 had not been construed by any appellate court. After the appeal was dismissed for failure to file a brief, Mrs. McRoberts obtained another attorney who reinstated the appeal. She prevailed on the one-half of the $240 attorney's fee and recovery of court costs, and was awarded a decree of legal separation. *McRoberts v. McRoberts*, 555 S.W.2d 682 (Mo.App.1977).

The mere fact that another attorney chose to process the appeal does not render respondent's opinion and judgment subject to disciplinary action by this court. We believe respondent was entitled to weigh the potential financial benefit that might result from an appeal (one-half the attorney's fee, or $120, and costs) against the cost of an appeal in making his recommendation as to the advisability of appeal. Whether Mrs. McRoberts received any other benefit from the appeal is still unclear. At the time of the hearing below, the McRoberts matter was still pending in the circuit court on remand from the Missouri Court of Appeals. Mr. McRoberts now has the opportunity to have the decree of legal separation changed to a decree of divorce 90 days after entry of the decree, pursuant to § 452.360.3, RSMo Supp.1975.

The master found that Mrs. McRoberts' marital problems had resulted in a bitter fight extending over five years, that she generally understood what was going on, and that when she left Mr. Pine's office, she knew that it was his opinion that there was little to be gained on appeal and that he (respondent) would no longer represent her, and would not take any further steps in the appeal of her case.

Count III charged respondent with failure to timely file pleadings and respond to interrogatories, thereby causing the dismissal of a client's action, all contrary to the provisions of DR 6–101(A)(3), DR 7–101(A)(1), (2) and (3), Missouri Supreme Court Rule 4. The case in question involved a suit by Donald E. Bowers to enjoin a bank from proceeding with foreclosure on a farm, together with a count for both actual and punitive damages for claiming sums due on the note which were in fact not due to the bank. By reason of the suit, the foreclosure was forestalled until such time as the farm was sold by Bowers, and the bank gave full credit to Bowers for the $21,688 which he claimed he did not owe to the bank. The record indicates that once the foreclosure had been stopped and once Bowers had been given credit in full for the sums he did not owe, further pursuit of the matter would in all likelihood have been useless.

It is interesting to note that Bowers went to the Missouri Bar Advisory Committee to complain about a former attorney, now deceased, whose acts he alleged had contributed to his financial woes. When Bowers came to respondent he was in deep and serious financial troubles. The representation of Bowers resulted in the opening of twenty-one files in respondent's office, most of them court cases, and all but one, a minority discrimination matter, related to

---

1. Section 452.305.2 provides that "[i]f a party requests a decree of legal separation rather than a decree of dissolution of marriage, the court shall grant the decree in that form."

financial claims against Bowers or his corporation. There is no indication that Bowers thought that any of the other twenty matters had been mishandled on his behalf by respondent.

The master found that respondent informed Mr. Bowers that the suit would be dismissed and that respondent did not tell Mr. Bowers that he would refile the suit. The master further found that Mr. Bowers knew that further pursuit of the case would be fruitless.

The transcript of the proceedings in this case is quite lengthy, but no purpose would be served by stating the facts in greater detail. In disciplinary proceedings the charges must be sustained by a preponderance of the evidence. *In re Weiner*, 547 S.W.2d 459, 461 (Mo. banc 1977). That has not been done. We believe the findings of the master are fully supported by the evidence, and we therefore adopt his findings and conclusions as our own.

Respondent is discharged on all counts.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SIMEONE, JJ., and WELBORN, Special Judge, concur.

SEILER, J., not sitting.