Teddye W. COSTELLO, Appellant,

v.

Donald Eugene COSTELLO, Respondent.

No. 45101.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Linda Murphy, Clayton, for appellant.

Raleigh Robinson, St. Louis, for respondent.

REINHARD, Judge.

Wife appeals from an order of the trial court converting a decree of legal separation to a decree of dissolution.

In May of 1979, wife filed a verified amended petition for legal separation in which she alleged the marriage was irretrievably broken. Husband filed an answer admitting the marriage was irretrievably broken, but requested dissolution. After a hearing held on March 27, 1981, the trial court granted the parties a decree of legal separation. On August 21, 1981, more than 90 days after the decree of legal separation was entered, husband filed a motion to convert the decree to one of dissolution, pursuant to section 452.360.3, RSMo.1978. Wife filed an answer requesting that the motion be denied and stated that the "differences presently existing between the parties may be resolved." Both parties testified at a hearing held on September 22, 1981. The court found the marriage to be irretrievably broken and ordered the decree of legal separation be converted into a decree of dissolution. This appeal ensued.

As her sole point on appeal, wife alleges that the court erred in finding the marriage was irretrievably broken and in converting

the decree of legal separation to a decree of dissolution. Her complaints are without merit and we affirm.

The wife's amended petition and husband's answer both admit under oath that the marriage was irretrievably broken. This constitutes a judicial admission on that issue. *Rojas v. Rojas,* 595 S.W.2d 729, 733 (Mo.App.1980). Indeed, a decree of legal separation may only be entered after a finding that the marriage is irretrievably broken. *J.A.A. v. A.D.A.,* 581 S.W.2d 889, 893 (Mo.App.1979). Once the decree of legal separation had been entered it was unnecessary for the husband to relitigate the issue that the marriage was irretrievably broken.

Section 452.360.3, RSMo.1978, provides that "No earlier than ninety days after entry of a decree of legal separation, on motion of either party, the court may convert the decree of legal separation to a decree of dissolution of marriage." The purpose of § 452.360.3 is "to give the parties a 'cooling off' period" to encourage reconciliation. *McRoberts v. McRoberts,* 555 S.W.2d 682, 684 (Mo.App.1977).

By selecting the word "may" in § 452.360.3, the legislature intended to commit the decision to convert the legal separation to the sound discretion of the trial court. *J.A.A. v. A.D.A.,* 581 S.W.2d 889, 894 (Mo.App.1979).

In *Howard v. Howard,* 583 S.W.2d 553, 556 (Mo.App.1979), this court stated that, "the discretion allowed the trial court in § 452.360.3 should extend only to determining whether there is a possibility of reconciliation." The trial court must determine whether the evidence actually raises a likelihood of reconciliation and whether additional time would allow the parties to resolve their differences and repair their marriage. *Howard,* 583 S.W.2d at 556. The court continued:

> If the facts developed at the hearing on the motion indicate no efforts at rapprochement have been made, or that efforts have been made, and have failed, then the motion to convert to dissolution should be granted.

. . . .

It is consistent with the remedial purposes of the Dissolution Act to convert the decree to dissolution in the absence of any real prospects for current or prospective reconciliation.

583 S.W.2d at 555.

At the hearing on the motion to convert, wife testified that she wanted to reconcile. Husband testified that although wife had raised the possibility of a reconciliation, he had not agreed to one and could not "see any set of circumstances where [he] might reconcile with" his wife.

In these circumstances, there was evidence that wife wanted to reconcile, husband did not. Based upon our scope of review in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we cannot say the trial court abused its discretion in converting the decree to one of dissolution.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.