**Joe WEBB and Marsha Webb, Plaintiffs–Respondents,**

v.

**Leland L. FINLEY and Janice L. Finley, Defendants–Appellants.**

No. 16979.

Missouri Court of Appeals, Southern District, Division One.

March 29, 1991.

---

Steven Privette, Willow Springs, for plaintiffs-respondents.

John N. Wiles, West Plains, for defendants-appellants.

PREWITT, Judge.

Plaintiffs sought declaratory judgment, declaring their "right to erect, maintain and repair a gate or cattle guard at each end of Defendants' roadway easement". They also sought an injunction restraining defendants from interfering with a gate at each end of the easement and damages for defendants' dismanteling two gates placed there by plaintiffs. Defendants answered, contending that they had a right to use the easement across plaintiffs' property free of gates or cattle guards.

Following nonjury trial, the trial court determined that plaintiffs were entitled to erect gates or cattle guards at each end of the easement, enjoined defendants from interfering with the erection or maintenance of them and denied plaintiffs' claim for damages. Defendants appeal.

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the judgment unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. *Plunkett v. Parkin*, 788 S.W.2d 356, 357 (Mo.App.1990). Due regard is given the trial court's determination on credibility of witnesses. Rule 73.01(c)(2); *Centennial Insurance Co. v. International Motor Car*, 581 S.W.2d 883, 885 (Mo.App.1979).

Plaintiffs own approximately seventeen acres used to pasture cattle with its only improvements being a pond to water livestock and fences to confine them. The south boundary of the tract is U.S. Highway 60. Defendants own three acres immediately north of plaintiffs' property. It is improved by a house which is defen-

dants' residence. Defendants' property is accessible only by an easement running through the plaintiffs' property.

Title to both properties are derived from sheriff's deeds as the result of a judgment held by Centerre Bank of West Plains and an execution issued thereon. Plaintiffs purchased at the execution sale and received a deed to their seventeen acres which recited that there was excepted therefrom an easement for a roadway 30 feet wide from U.S. Highway 60 to the three acre tract, "the centerline of which easement shall be the centerline of existing roadway over and across said tract". Thereafter, the bank bought the property now owned by defendants, with the deed from the sheriff reciting that they also received an easement over the land owned by plaintiffs. Two-and-one-half months later the bank conveyed the three acres to defendants, together with the purported easement across plaintiffs' property.

■ For their first point defendants state that the trial court erred in not finding that they have a valid easement. In the judgment the trial court expressly "makes no finding as to the validity ... of the easement".[1]

Plaintiffs' petition alleged that defendants "are the holders of an easement for a roadway 30 feet in width" dividing plaintiffs' property. Defendants admitted in their answer that they held such easement and the case was tried upon those pleadings. At trial, plaintiffs attempted to question the validity of the easement.

Plaintiffs are bound by their pleadings and cannot assert that defendants do not have such an easement. Allegations in a petition, admitted in an answer, are judicial admissions on that issue. *Costello v. Costello,* 643 S.W.2d 81, 82 (Mo.App.1982). A

judicial admission "waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true." *Hewitt v. Masters,* 406 S.W.2d 60, 64 (Mo.1966). The existence of the easement was judicially admitted and there could be no dispute on it necessary to be resolved by the trial court or here.

■ For their second point, defendants contend that the trial court "erred in granting Webbs the right to erect a gate or cattle guard at each end of the easement, because (1) the easement reserved and granted is appurtenant to another estate; and (2) the erection of impediments will make the rights of Finleys less convenient or beneficial."

The grant of the easement is silent as to gates or cattle guards. When that occurs, in general, allowing a fence or gate across a right-of-way is a question of fact. *Teal v. Lee,* 506 S.W.2d 492, 497 (Mo.App.1974). There, the court said:

> If, however, exclusion of the erection of a fence or gate across a right-of-way is not specifically set out in a grant of easement, the court will then consider the following factors; 1) the purpose for which the grant was made; 2) the intention of the parties as gleaned from the circumstances surrounding the grant; 3) the nature and situation of the property; and 4) the manner in which the easement has been used.[2]

It would seem that a cattle guard would be similarly treated and the parties do not contend otherwise. The pond is on the easternly half and if the easement was fenced livestock would have no access to it.

A gate existed when defendants purchased the property. The property was

**1.** The language quoted is from an "Amended Judgment and Decree" entered February 22, 1991. The trial court made a docket entry April 12, 1990, with somewhat similar language purporting to rule for the plaintiffs on all issues except their claim for damages. This appeal followed. This court determined the entry was too indefinite to be a valid judgment. See *Four Seasons Lakesites v. Dungan,* 781 S.W.2d 269, 271 (Mo.App.1989). This court held the appeal in abeyance and remanded the matter to the

trial court for it to enter a judgment consistent with *Dungan.*

**2.** Other cases discussing this principle or related issues are: *Orvis v. Garms,* 638 S.W.2d 773, 776–777 (Mo.App.1982); *Moschale v. Mock,* 591 S.W.2d 415, 421 (Mo.App.1979); *McDougall v. Castelli,* 501 S.W.2d 855, 859 (Mo.App.1973); *Boland v. Byrne,* 145 S.W.2d 755 (Mo.App.1940).

used for agricultural purposes, in pasturing cattle and the purpose of the gate was to confine the cattle, not to obstruct the way. These are legitimate reasons for the trial court's consideration in determining that a gate should be allowed. See Annotation, Right to Maintain Gate or Fence Across Right of Way, 52 A.L.R.3d 9, 35, 41, 49 (1973). Requiring plaintiffs to fence the easement would divide the property and require an additional water source be provided for approximately half the tract for it to be used as pasture.

The trial court's findings and judgment were supported by substantial evidence, not against the weight of the evidence, and the trial court properly applied the law.

The judgment of February 22, 1991, is affirmed.

MAUS, P.J., and CROW, J., concur.