**FERRIER–HARRIS, LTD. d/b/a The Grand Place, Relator,**

v.

**The Honorable James L. SANDERS, Respondent.**

No. 68530.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 29, 1995.

Edward S. Meyer, Stephen E. Winborn, Cynthia A. Masterson, Evans & Dixon, St. Louis, for relator.

Jerilyn Bowie–Hill, St. Louis, for respondent.

SIMON, Judge.

Ferrier–Harris, Ltd. d/b/a The Grand Place (Relator), a licensed, long-term care nursing home facility, filed this action in prohibition, seeking to prohibit the Honorable James L. Sanders from proceeding to trial on the personal injury action against it. We issued a preliminary writ of prohibition which we now make permanent.

Where it appears on the face of the pleadings that a defendant is immune from suit as a matter of law, prohibition is the appropriate remedy "to forbear patently unwarranted and expensive litigation, inconvenience and waste of time and talent." *State v. Godfrey,* 883 S.W.2d 550, 551[1, 2] (Mo. App.1994).

Plaintiff, Oliver Jarman, filed his personal injury action against Relator alleging that while a resident of its nursing facility from April 1, 1989 to April 1994, he sustained repeated injuries and illnesses. Relator moved to dismiss the petition claiming that plaintiff had failed to file the necessary health care affidavit pursuant to § 538.225 R.S.Mo.1994 (all further reference will be to R.S.Mo.1994 unless otherwise noted). The trial court denied Relator's motion finding that plaintiff need not file the affidavit because as a nursing home, Relator was not a health care provider under § 538.225. Later, Relator filed its motion to reconsider which was denied.

Plaintiff, in his pleadings in the underlying action, identified Relator as a nursing home doing business in St. Louis Missouri under the provisions of § 198.003. Section 198.003, the Omnibus Nursing Home Act, is a comprehensive regulation of nursing homes and is an exercise of the state's police power directed to protect the health, safety and welfare of nursing home residents. *Stiffelman v. Abrams,* 655 S.W.2d 522, 528[4–6] (Mo. banc 1983). A related section, § 198.006, provides for the differing classifications of boarding and nursing homes in accordance with the level of care provided. *Id.* In response to plaintiff's petition, Relators filed a motion to dismiss, pursuant to § 538.225, which provides:

1. **In any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services,** the plaintiff ... shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure

to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition (emphasis ours).

The purpose of § 198.003 is regulatory, *See Stiffelman*, supra, while § 538.225 protects the public and litigants from the cost of ungrounded medical malpractice claims. *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 507[6–7] (Mo. banc 1991). Thus, the dispositive issues are whether Relator: (1) is a "health care provider," under § 538.225, and (2) alleged to have rendered or failed to render health care services.

■■■ Section 538.205(4) defines a "health care provider" as "any physician, hospital, ambulatory surgical center, **long-term care facility,** dentist, registered or licensed practical nurse ... or **any other person or entity that provides health care services under the authority of a license or certificate"** (emphasis ours). Plaintiff, in his answer to the petition for prohibition, admits to the allegations of paragraph 1 wherein Relator identifies itself as a "**licensed,** fully accredited, skilled and **long-term care nursing home"** (emphasis ours). Since allegations in a petition, admitted in an answer, are judicial admissions, they are taken as true. *Webb v. Finley*, 806 S.W.2d 501, 503[1–2] (Mo.App. 1991). Therefore, Relator is a "health care provider" as defined by § 538.205(4).

■■■ Next, it must be determined whether plaintiff alleged that his injuries resulted from Relator's "rendering or failure to render" health care services. Section 538.205(5) defines "health care services" as "any services that a health care provider renders to a patient ... in the ordinary course of furthering the purposes for which the institution is organized ...". In his suggestions in opposition to the writ of prohibition, plaintiff alleges that he sustained personal injuries, "due to the failure of [Relator] to live up to its agreement and notify his physician that he required that physician's services." However, plaintiff's allegations in his first amended petition in his personal injury action were as follows:

\* \* \*

8. In the period between 1989, after Plaintiff became a resident of The Grand Place[,] and after 1994[,] when Plaintiff was removed from The Grand Place, **the Plaintiff was repeatedly treated and/or hospitalized for injuries and illnesses caused by Defendant** ... and agent's complete indifference to[,] or conscious disregard for[,] the plaintiffs safety, health, care and welfare, to wit:

\* \* \*

b. Defendant ... **failed to provide or delayed providing Plaintiff with adequate and appropriate medical attention** in that they repeatedly failed to notice, treat or seek treatment for sores and infections on Plaintiff's body ...

c. Defendant ... **provided Plaintiff with inappropriate medical care,** in that defendant improperly bandaged, medicated and otherwise treated plaintiff ... (emphasis ours).

Furthermore, plaintiff, in his answer to the petition for prohibition, admits the allegations of paragraph 8, wherein Relator identifies the nursing home as a "health care provider **providing health care services pursuant to the definitions found at § 538.205(4) and (5)** in that the Grand Place is and was both a long term care facility and an entity that **provides health care services** under the authority of a license or certificate" (emphasis ours). Thus, plaintiff has admitted that Relator rendered or failed to render health care services. Plaintiff is bound by the allegations of his pleadings. *Webb v. Finley*, 806 S.W.2d at 503[1–2].

■ It is clear from plaintiff's pleadings and admissions that his action is for personal injuries resulting from Relator's rendering or failing to render health care services. We are bound by his allegations and admissions. Consequently, the action should be dismissed without prejudice for plaintiff's failure to comply with the affidavit requirement of § 538.225. *Mahoney*, 807 S.W.2d at 506[2–4].

Our Supreme Court, in *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d at 506[2–4] held that § 538.225.5's sanction of dismissal without prejudice for failure to file the

proper affidavit is a dismissal of the action, and not merely the petition and the action may not continue. However, in *Mahoney,* plaintiffs challenged the constitutionality of the affidavit requirement of § 538.225 and plaintiffs did not seek an order for an extension of time to produce the affidavits as a response to the motion to dismiss, but instead, stood on their right under the state and federal constitutions to maintain the action unencumbered by the affidavit requirement. *Id.*

Here, neither party is challenging the constitutionality of the affidavit requirement of § 538.225 and the record does not indicate a procedural factual situation similar to *Mahoney. See Mahoney, supra; see Hasemeier v. Smith,* 361 S.W.2d 697, 699[1–2] (Mo. banc 1962). As a result, a dismissal without prejudice is a non-suit under the savings statute, allowing plaintiff to commence a new action within one year of the non-suit. *See Korman v. H.M. Lefholz, D.C.,* 890 S.W.2d 771, 774[4] (Mo.App.1995).

The writ of prohibition is made permanent.

GRIMM and WHITE, JJ., concur.