In re the MARRIAGE OF Roy C. RICHARDSON, Respondent,

and

Alleen Richardson, Appellant.

No. 36707.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 10, 1976.

Theodore S. Schechter, Clayton, for appellant.

Kenneth J. Rothman, Clayton, Daniel R. Sokol, St. Louis, for respondent.

RENDLEN, Judge.

In 1972 Roy Richardson (respondent) petitioned to divorce his wife Alleen (appellant) who responded by answer, cross-bill and motion for allowances pendente lite; the court in May of that year sustained the latter, awarding appellant $40 per week temporary alimony and $300 attorney's fees.

The cause was heard on the merits under the new dissolution of marriage act and appellant, proceeding on her cross-bill, testified to facts essential for her claim. Counsel for respondent by leave withdrew, his client having failed to appear. The court on October 17, 1974, entered its decree dissolving the marriage, awarding appellant $40 per week permanent maintenance, $200 additional attorney's fees and costs.

Respondent, receiving notice of the court's ruling, petitioned to set aside the October 17 decree; and on November 6 the court vacated the award of maintenance, reinstated the allowance for temporary alimony "pending a hearing on the financial award" but left the dissolution undisturbed. In the court's words, "the dissolution of marriage stands." From this order, Alleen Richardson appeals.

In her "Point Relied On" appellant complains "the court erred entering its order of November 6, 1974, . . . In so far as it affected all financial awards, letting it stand as to the dissolution only, and continuing in full force and effect the pendente lite award pending a final decree disposing of all" the financial features of the action. Though in the argument section of her brief, the point is not clearly developed, presenting only an oblique attack on the order of dissolution, we consider the point as an assignment of error directed to the entire judgment. Appellant further contends the ruling of the court was erroneous in that: (1) she was given no notice of the court's intention to vacate the decree; (2) the order was violative of Rule 75.01, V.A. M.R., since good cause was not shown to set aside the decree and the order failed to specify the grounds; and (3) the order erroneously dissolved the marriage but continued temporary maintenance pending final resolution "of the financial awards."

■ We first must determine if the appeal may lie and we are required "to make such an inquiry sua sponte." *Harper v. Harper*, 379 S.W.2d 889, 890[1] (Mo.App. 1964); *Altman v. Werling*, 509 S.W.2d 787[1] (Mo.App.1974). For reasons we shall discuss, the appeal must be dismissed.

■ The right of appeal in Missouri is purely statutory, *Altman v. Werling, supra* at 788[2], and § 512.020, RSMo 1969, V.A. M.S., provides that only parties *aggrieved* by a judgment of any trial in any civil cause may appeal. This court in *Farrell v. DeClue*, 382 S.W.2d 462, 466[1] (Mo.App. 1964), defined the statutory term "aggrieved" as "suffering from an infringement or denial of legal rights." Here, appellant sought and proved a right to dissolution and on that issue was properly awarded the relief prayed. It has long been held that a party may not appeal from a judgment fully in his favor or giving him all the relief requested. *Turner v. Anderson*, 236 Mo. 523, 139 S.W. 180 (1911); *see also State ex rel. Green v. James*, 355 Mo. 223, 195 S.W.2d 669, 673[8] (en banc 1946), in which this principal found application in an action for divorce. It is clear appellant has no right of appeal from the order of dissolution nor from the order continuing temporary maintenance during pendency of the action because in each instance she was not aggrieved in the statutory sense. Respondent, who stands in the position of one aggrieved by the order for temporary allowance, has not appealed.

As to the order vacating the award of maintenance, Rule 75.01, V.A.M.R. (derived from § 510.370, RSMo 1969, V.A.M.S.) authorizes the trial court on its own motion within thirty days of entry of the judgment to grant a new trial for any reason "which it might have granted a new trial on motion of a party." In correlation, Rule 81.05 (derived from § 512.020) provides that a judgment becomes final for the purpose of appeal thirty days after entry, if no timely motion for a new trial is filed. Under these Rules a judgment, set aside during this thirty-day period of control granted the trial court, is not appealable as there is no final judgment. "Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable." *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232[5] (Mo. banc 1969). *See* also *Altman v. Werling, supra* at 788[3]; *Kallash v. Kuelker*, 347 S.W.2d 467, 470–2[3–6] (Mo.App.1961).

In the case at bar the order had no final effect on appellant's claim for maintenance. The court expressed concern that it had erred in failing to properly consider the short period the parties lived together prior to separation and set aside the judgment, permitting further evidence in the cause. If the court, as appellant contends, acted precipitously on improper notice or failed to properly state its grounds therefor, the appropriate remedy for relief from such actions would be prohibition, not appeal. *State ex rel. Murphy v. Aronson*, 330 S.W.2d 140 (Mo.App.1959). We do not know what the final decree of the court will contain. The trial court has retained jurisdiction and may enter a decree favorable or unfavorable to appellant, demonstrating clearly there is no final judgment for this court to review. *Pendleton v. Pendleton*, 532 S.W.2d 905, 906[1–3] (Mo.App.1976). The appeal is dismissed.

WEIER, P. J., and McMILLIAN, J., concur.