Lynne Joanne BLOCK, Petitioner-Appellant,

v.

Jerome Edward BLOCK, Petitioner-Respondent.

No. KCD30614.

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1980.

Application to Transfer Denied March 11, 1980.

Allan W. Zimmerman, Kansas City, for petitioner-appellant.

Hendren & Andrae by Alex Bartlett, Jefferson City, for petitioner-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

By a late notice of appeal, the wife appeals from the provisions of a dissolution judgment finding a property settlement "conscionable."

The substantive issue to be decided is whether or not the trial court properly determined the conscionability of a property settlement agreement pursuant to the terms of § 452.325(2) RSMo 1978.

Before addressing the substantive issue, the husband's procedural contentions with respect to the propriety of the appeal must be resolved. The husband first contends that this court's order permitting the late notice of appeal was inappropriate. He argues that under the provisions of Rule 81.07(a), the entire process of applying for and concluding the filing of a late appeal must be accomplished within the six months mentioned in the rule.

Factually, the dissolution decree was entered in this case on June 6, 1978. On December 4, 1978, the wife filed in this court an application to permit filing of a late notice of appeal. Thereafter, present counsel for the husband entered their appearance and requested time for the filing of suggestions in opposition to the granting of the motion for late appeal. Those suggestions were filed on December 20. On December 28, 1978, the court granted the leave to file a late notice of appeal, and the notice of appeal was thereafter filed on the 4th day of January, 1979.

Although the husband argues that the rule requires all of the proceedings to be accomplished within the six month period, the second premise of his argument is that the words of the rule, "such final judgment," refer to the date upon which the decree was entered and not to the date when that decree became a final decree thirty days later. Thus, in the factual posture of this case, it is unnecessary to decide the contention with respect to the necessity for completion of all of the steps for perfection of a late notice of appeal within six months if the issue can be resolved by addressing the rule language concerning finality of the judgment.

The husband argues that the rule does not say six months after the judgment is final but emphasizes the slightly different language of six months after final judgment. No case has been found addressing the specific issue, but it appears that the intent and purpose of the rule is to provide a six month grace period within which an appellate court may, by leave, permit the filing of a notice of appeal. The question of interpretation suggested by the husband's argument would restrict the period within which a late notice of appeal could be filed to a five-month period after the judgment became final. The effect of the husband's argument would be to deprive the word, "final," of any meaning for, if the rule was intended to apply from the date the judgment or decree was entered, then it would have sufficed to simply say six months after judgment. To give any effect or meaning to the word, "final," it must mean the period prescribed by Rule 81.05(a) within which a judgment becomes a final judgment. So interpreted, the issue is resolved contrary to the husband's contention,

and this court's order permitting the late notice of appeal was appropriate and vested this court with jurisdiction of this appeal.

The husband further contends that the wife's appeal is improper because she is not an aggrieved party, citing § 512.020 RSMo 1978, and case law interpreting that statute. The husband strongly urges that upon the facts of this case the wife is not an aggrieved party and may not appeal the trial court decree. The resolution of this issue requires some statement of the factual background leading to the decree.

The wife and the husband filed a pleading denominated a "joint petition for dissolution." The petition was filed by an attorney named Robert L. Riley. The status of this lawyer as to the representation of the parties is not clear from the record. At one point, he appears as counsel for both the husband and the wife, but in the decree itself, he is not referred to as representing both of the parties. Nonetheless, the petition was heard with Riley, the wife, and the husband all present, Riley presenting the evidence of the wife on direct and likewise presenting the evidence of the husband on direct examination. It seems apparent that he was engaged in a dual capacity in the handling of the parties' dissolution litigation. The petition requested the court to enter a decree dissolving the marriage, granting custody of the children of the marriage to the wife, providing support allowances for the children, maintenance for the wife, and approval of the property settlement which was attached to the dubious document referred to as a joint petition.

At the hearing of the case, a bare minimum of testimony was offered, the pertinent parts of which will be subsequently discussed. After the wife and the husband had both testified, the trial court entered a decree which afforded the wife all of the relief that she had requested in her petition and declared that the property settlement was "conscionable." The husband forcefully argues that this factual background brings the wife's appeal squarely within a line of cases which have denied the right of appeal in cases where the purported appel-

lant has been granted relief sought in the trial court. The cases cited are as follows: *In re Marriage of Richardson,* 540 S.W.2d 227 (Mo.App.1976); *State ex rel. Green v. James,* 355 Mo. 223, 195 S.W.2d 669 (banc 1946); *Lipsey v. Lipsey,* 464 S.W.2d 529 (Mo.App.1971).

Only *Richardson, supra,* was decided under the present dissolution law. It recognizes the bifurcated nature of a judgment under the present dissolution statute and holds consonant with the statute that when dissolution is granted to the party requesting it, no appeal from the granting of that relief is available to the party requesting the dissolution. The other portions of the relief in *Richardson* were held properly severed for separate consideration. The other cases cited are instances of divorces and ancillary relief under the old divorce procedure. *Lipsey, supra,* involves a case where a father sought to recover custody for his parents as against a natural mother. *State ex rel. Green, supra,* turns on the issue of jurisdiction to vacate a divorce decree after the term of its entry.

There can be no question but that the cases cited declared, as a rule of procedure, that a party who has obtained the relief sought cannot appeal. At first blush, the application of the rule to the facts of this case would appear appropriate. However, none of the cases cited involved the precise issue raised by the wife in this case, and they are thus not controlling in the sense that the precise and exact question is foreclosed by those cases. The issue which the wife raises is not the relief which she sought but the manner in which the relief was given. A situation more analogous to the instant case is found in *Farrell v. DeClue,* 382 S.W.2d 462 (Mo.App.1964). There a default judgment was entered for plaintiff and a motion for new trial sustained. The appeal of plaintiff was determined to be premature. Upon the retrial, the plaintiff recovered a verdict for a lesser amount and appealed contending that the trial court procedure in setting aside the default was error. Despite the verdict in plaintiff's favor, the court held plaintiff was aggriev-

ed by the procedural error in setting aside the original default and ordered it reinstated. The court said:

"Otherwise the plaintiff could never seek redress for the conceded infringement or denial of her legal rights which took place when the trial court abused its discretion by setting aside the default judgment without any proof to support the motion." Id. at 466.

Farrell, supra, is faithful to the rationale of the cases defining aggrievement as suffering from an infringement or denial of legal rights.

■■ The statute in pertinent part is as follows:

"[T]he terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." 452.325.2 RSMo 1978.

It has no application except in the circumstance where a property settlement has been arrived at and is presented to the court as a part of the dissolution proceedings. It is thus apparent that the statute will apply only in cases which have no real contest between the parties and in which the court is being asked only to approve what the parties have already agreed upon, both with respect to the dissolution and with respect to the property. The statute nonetheless requires that the trial court find in those circumstances that the dissolution property settlement is conscionable. If the husband's position were well taken, then in no circumstances to which the statute applied could there be a review of the trial court action in approving the property settlement as conscionable. As will be later noted, the apparent purpose of this statute, and particularly to the provision concerning the necessity of review by the trial court of the property settlement, is to put at rest questions of overreaching and fraud in the settlement of property questions. It, there-

fore, requires some determination by the trial court based on a factual background to achieve that end. To determine that this action by the trial court is not reviewable as the husband's argument would imply would make meaningless the fact finding function of the trial court with respect to such property settlements and in effect make the trial court a rubber stamp for whatever the parties presented. Upon the issue presented in this appeal and given the nature of the statute, the rule concerning aggrievement should not be expanded to include the precise factual situation here presented. The aggrievement of the wife in the instant case is her claim that the trial court failed to follow the statute and by doing so precluded her from the benefit of the trial court's independent appraisal of her bargain. In short, she claims aggrievement by the trial court's failure to follow procedural steps mandated by the legislature and in such circumstances she is properly an appellant and entitled to a review of the trial court action.

The husband also asserts the wife is estopped to appeal by the acceptance of benefits and in support of his position cites Waddingham v. Waddingham, 27 Mo.App. 596 (1887). The Missouri authority cited is not very helpful in the resolution of the question because Waddingham is a very old case decided under the old divorce procedures and which relies for its determination that an estoppel was created upon the unitary nature of the divorce decree. The concept of the unitary nature of a decree of divorce has been abandoned under the present dissolution statute. Two Texas cases are cited, Trader v. Trader, 531 S.W.2d 189 (Tex.Civ.App.1975) and Roye v. Roye, 531 S.W.2d 242 (Tex.Civ.App.1975). These cases are of little persuasive effect in view of two more recent Texas cases, Trevino v. Trevino, 555 S.W.2d 792 (Tex.Civ.App. 1977) and Haggard v. Haggard, 550 S.W.2d 374 (Tex.Civ.App.1977), which have come to a contrary conclusion with respect to whether an estoppel is created by the acceptance of some benefits under a divorce decree or settlement.

The Nevada case of *Culbertson v. Culbertson,* 91 Nev. 230, 533 P.2d 768 (1975) represents an express acceptance and release situation and is factually distinguishable.

It is apparent that there is a shifting position in the case law with respect to the application of estoppel by acceptance of benefits in divorce cases as is evidenced by the annotation in 29 A.L.R.3d 1179 and, particularly, the cases cited in the August, 1979 pocket parts of that volume.

■■■■ A consideration of the issue in this case requires some analysis of the essentials of *estoppel in pais.* Missouri follows a traditional view of the remedy. *State on Inf. McKittrick ex rel. City of California v. Missouri Utilities Co.,* 339 Mo. 385, 96 S.W.2d 607 (1936). A pithier statement of the elements of estoppel is found in *National Match Co. v. Empire Storage and Ice Co.,* 227 Mo.App. 1115, 58 S.W.2d 797 (1933), *cert. denied,* 290 U.S. 668, 54 S.Ct. 88, 78 L.Ed. 577 (1933) setting forth the principles applicable in our law:

" 'To constitute estoppel in pais, three things must occur: First, an admission, statement or act inconsistent with the claim afterwards asserted and sued on; second, action by the other party on the faith of such admission, statement or act; and, third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act.' " *Id.* 227 Mo. at 1119, 58 S.W.2d at 799.

It is, of course, an equitable remedy and requires circumspection in its application. *National Match Co., supra.* It is only applied in those situations where the countervailing equities require its application. Essential in its application is some reliance or change of position on the part of the party asserting the estoppel. This is apparent in *Missouri Utilities Co., supra* 96 S.W.2d at 615, where the court said:

"Change of Position: Finally there must have been some definite act on the part of the party claiming the estoppel, in reliance on the representation of the estopped party, which has changed his con-dition for the worse. He must have suffered a legal detriment; but the legal detriment must not be merely formal, as it is in the case of the doctrine of consideration in the law of contracts, but actual. His condition must be such that, if the estoppel be not permitted, he will suffer damage."

It is in this last area of detriment or reliance that the modern cases in the area of divorce litigation seem to have focused. In our own state in *Knebel v. Knebel,* 189 S.W.2d 464 (Mo.App.1945), the court refused to apply an estoppel against the wife's appeal in a divorce action where she had received some incidental benefits under the divorce decree but where there was no showing that her receipt of those benefits would have been detrimental to the other party no matter what the disposition of the case on the final appeal. So also in the case of *In re marriage of E. A. W.,* 573 S.W.2d 689 (Mo.App.1978), the court emphasized the fact that the actions of the wife in disposing of property titled in her name and her sister's name did not result in any detriment under the judgment and did not foreclose her right to the appeal.

In most cases involving the application of estoppel by receipt of the benefits of the judgment, some proof is required to raise the estoppel. *National Match, supra* 58 S.W. at 799. No real proof exists in the instant case, but the matter need not rest on that narrow ground. The wife's brief intimates that certain benefits have been received and her reply brief, filed after the assertion of estoppel was raised by the husband, does not attempt to refute the claim on the basis of a factual argument. She candidly admits receipt of a small portion of the benefits envisioned by the property settlement agreement including, apparently, the household goods and automobile and some portion of the periodic maintenance provided for by the agreement. Assuming that this factual background is before us and may be utilized in determining the issue, the principles of estoppel do not require application of the doctrine in this case. An examination of the property settlement

contained in the transcript reveals that if the wife has received the periodic maintenance provided for by the agreement she has received but a small portion of the total due and owing to her under the agreement if it is ultimately sustained. There is no indication that the personal property by way of household goods and an automobile were of great value relative to the total amount of property involved. Thus, there is nothing in this record, even assuming as the husband asks us to do that the payments have been made pursuant to the agreement, to demonstrate that the husband's position has been worsened upon the wife's acceptance of some of the benefits under the divorce agreement. Up until the time the notice of appeal was filed, the wife would have been entitled to receive only $4,000 or $5,000. It is conceded, both in the property settlement and in the husband's brief, that she is entitled under the agreement to at least $75,000 to $100,000 if she does not die or remarry. There simply is no basis to conclude that the husband's position has been worsened and that an appeal in this case would cause him to lose in the long run if the judgment were altered at the time of the eventual determination of the appeal. This approach to the problem of the application of estoppel to marital judgments is supported by the following authorities: *In re Marriage of Fonstein*, 17 Cal.3d 738, 131 Cal.Rptr. 873, 552 P.2d 1169 (1976); *Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976); *Schreiber v. Schreiber*, 217 So.2d 301 (Fla.1968); *Haggard v. Haggard, supra; In re Marriage of Abild*, 243 N.W.2d 541 (Iowa 1976); *Anderson v. Anderson*, 72 Wis.2d 631, 242 N.W.2d 165 (1976), and is an application of the general rules concerning estoppel in Missouri. Under this rationale and the facts of this case, no estoppel is presented.

■ There is even a stronger reason why estoppel should not be permitted as a defense to this appeal. Because it is an equitable remedy, estoppel is never permitted to exist in a situation where the imposition of the equitable remedy will result in the imposition of a fraud or other inequitable result. In Missouri, under the present

dissolution of marriage act, the Supreme Court has recently determined in *Haggard v. Haggard*, 585 S.W.2d 480 (Mo.banc 1979), that, where the parties submit a property settlement to the court, the terms of the property settlement, with respect to maintenance and property division as well as provisions of child support and custody, become decretal. They are enforceable as judgments unless the parties have specifically and unequivocally recited in the agreement that the provisions of the agreement are to be only contractual in nature. In the instant case, there is no such recital and the provisions of this agreement, if properly approved by the trial court, become decretal in nature and are subject to enforcement by the ordinary remedies with respect to such judgments. Neither the husband nor the wife will have any basis for a claim sounding in contract, the contract between the parties having been merged in the judgment. The importance of this is that the wife in the instant case claims that the agreement is unconscionable and that the trial court did not properly determine its conscionability. The only arena in which the wife can contest that claim is the instant divorce proceeding. To deny her a right to appeal in this case would foreclose the issue for all practical purposes by way of direct attack upon the judgment. Under these circumstances, there is no basis for applying the doctrine of estoppel in the instant case and the wife's appeal is properly here for determination of the substantive question posed.

■ Turning now to the merits of the appeal, the position of the wife is simply stated. She asserts that the trial court did not comply with the provisions of § 452.325 because there was no determination by the trial court of the economic circumstances of the parties. The entire record as to the proposed property settlement is as follows:

"Q Mrs. Block, does your agreement dispose of all of the property either of you owns or the two of you own jointly?

A Yes.

Q Do you believe—and you know better than your attorney or the Court—the financial situation in your family, do you believe this agreement is fair and reasonable to both parties, considering all of the facts, circumstances?

A Yes."

The agreement itself does not disclose even fragmentary information as to the economic circumstances of the parties. It does not describe the tangible personal property. There is not even a passing reference to bank accounts or other intangible personal property. The only reference to real estate asserts there are "ten parcels of real estate." Thus, it cannot be said that the trial court was aware of the economic circumstances of the parties.

The husband first asserts in response that the wife is bound by the testimony that the agreement is "fair and reasonable." This argument mistakes what is the positive duty of the trial court to find the agreement "conscionable" or "unconscionable" upon a consideration of the economic circumstances of the parties. The conclusion of the wife based upon her private knowledge cannot be substituted for the statutory duty of the court to find upon its knowledge the legal conclusion required by the statute.

█ The husband then makes the argument that the trial court need only make an evidentiary examination of the circumstances of the basis of the agreement after finding that the agreement is "unconscionable." The argument ignores the plain language of the state, "[T]he terms of the separation agreement . . . are binding upon the court unless it finds *after* considering the economic circumstances of the parties. *and* any other relevant evidence produced by the parties . . .." § 452.-325.2 RSMo 1978. The word "after" as used must mean *following* the consideration of the "economic circumstances."

This case does not require this court to reach or decide the issue of what is sufficient evidence of economic circumstances to justify a finding concerning conscionability. The narrow issue here is that such a finding may not be supported without any evidence of the economic circumstances of the parties.

The statute, § 452.325 RSMo 1978, in explicit terms, declares that its purpose is "To promote the amicable settlement of disputes . . ." The statute has been construed to require a written property settlement before its purpose is accomplished. *Turpin v. Turpin*, 570 S.W.2d 831 (Mo.App. 1978). The *Turpin* court cited with approval *Corder v. Corder*, 546 S.W.2d 798 (Mo. App.1977). *Corder* says:

"Section 452.330, supra, seeks to redress the patent inequity and rancorous aftermath heretofore attached to the division of property accumulated during the course of a marriage which now falls within the definition of 'marital property'. By the same token, it seeks to effectively minimize the necessity for recourse to further litigation to completely sever all relations between the parties." *Supra* at 804.

█ The language of *Corder* stating the purpose of § 452.330 applies with equal vigor to § 452.325. In *Turpin*, the court by way of dictum asserted that the mandate of § 452.330 with respect to division of property was the minimum standard for the court in applying § 452.325 to a written property settlement. The husband, of course, asserts that *Turpin* should not be extended to cover the present situation while the wife asserts that the dictum supports her position. While it might be arguable whether the statement in *Turpin* is dictum or necessary to the decision in that case, it is certainly appropriate and is adopted here as the holding of this case: when a trial court considers the propriety of a property settlement under § 452.325.2, then the court should consider the factors recited in § 452.-330 for a division by the court where no agreement exists. The plain and apparent reason for such a holding is that the proceedings under § 452.325 permit the parties to make the division which the court would otherwise be required to make and the statute gives to that division the effect of a judgment. *Haggard v. Haggard, supra*. It

would be an anachronism if the parties could, by a contract, make a division which flew in the face of the command of the statute with respect to the division of the property. It is true that such a review by the trial court under § 452.325 is not for the purpose of the court dividing the property since the statute makes the decision of the parties contained in their agreement with respect to property binding upon the courts. But that right to divide by agreement is only within the limits of a conscionable and just agreement which can only be determined by applying the factors set forth in § 452.330.

The judgment of the circuit court finding the property settlement conscionable is set aside, and the cause is reversed to the court below for a hearing under the provisions of § 452.325.2 to determine the conscionability of the agreement of the parties in the light of the views expressed herein.

All concur.