Robert Lee **ARNSPERGER**, Respondent,

v.

Del Dee Ann **ARNSPERGER**, Appellant.

### No. WD 31949.

Missouri Court of Appeals,
Western District.

Sept. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied
Dec. 14, 1981.

D. Eric Sowers, Brunswick, for appellant.

John David Collins, Macon, for respondent.

Before KENNEDY, P. J., WASSERSTROM, C. J., and SHANGLER, J.

KENNEDY, Presiding Judge.

This is an appeal by the wife from a dissolution decree entered in an uncontested case, in which decree the court also approved a written property settlement presented by the parties. The petitioner in the dissolution case was the husband, whose attorney (not his counsel on this appeal) prepared the property settlement and represented the husband in the court proceeding. The wife was not represented by counsel, but appeared at the court proceeding and testified briefly.

The wife alleges error in two points—first, that "the court erred in finding that the separation agreement was not unconscionable because it failed to consider sufficient evidence to support such a finding", and, second, that the court failed to set aside the wife's separate property.

The wife's first point must be sustained and the judgment of the court reversed with respect to the court's approval of the property settlement.

The husband in the dissolution hearing testified briefly to the formal matters required to be shown in a dissolution action, identified the property settlement which had been executed by himself and his wife, and testified in broad general terms to the main features of the contract. The wife was called to the stand and testified to her assent to the husband's testimony and to the property settlement contract. All the information which the court had about the economic circumstances of the parties was contained in the contract itself. It contains a list of 46 items of personal property to go to the wife, including a 1974 Monte Carlo Chevrolet automobile, household goods and personal effects, recited to be worth $18,000 altogether, and a list of items of personal property recited to be worth a total of $95,000 to go to the husband, including motor vehicles, farm machinery, aircraft, "all stock in Arnsperger Aviation, Inc.", and other items. It describes and gives to the husband a 52.17-acre tract of land in Chariton County, without assigning any value thereto, where the parties' residence is located. It recites that there is no non-marital property to be distributed. It provides for the husband to pay debts of the parties totaling $257,017.80. It further provides for the husband to pay to the wife maintenance of $250 per month and child support of $125 per month for each of two minor children, and for him to pay the court costs and his attorney fees.

Upon the basis of the foregoing evidence the trial court approved the property settlement as not unconscionable.

■ The trial court's approval of a property settlement must be predicated upon a finding of conscionability based upon a sufficient record of the "economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court," § 452.325(2), RSMo 1978, as will enable the court intelligently to adjudge of that matter. The court had before it in this case only the assets and liabilities of the parties, as shown in the contract. That was not even a full picture of the "economic circumstances" of the parties, not to speak of the other factors which must be taken into account in passing upon the property settle-

ment agreement. For the scope of the inquiry into the conscionability of the agreement, the parties and the court are commended to *Turpin v. Turpin*, 570 S.W.2d 831, 834 (Mo.App.1978); *Rojas v. Rojas*, 595 S.W.2d 729, 733–734 (Mo.App.1980); *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979); *Wilkerson v. Wilkerson*, 555 S.W.2d 689 (Mo.App.1977). Those cases emphatically deny perfunctoriness in the approval of property settlements.

Respondent fears that the investigation required by the above cases calls for a full-blown trial even in cases settled by agreement. Not so. The adversary aspects of the case should have been laid to rest when a property settlement is reached. No lengthy adversary proceeding is required. Much of the financial proof may be presented by way of schedules. The above cases impose upon the parties or the trial court no unreasonable burden.

As shown by the cases cited above, this court has taken, and has enjoined upon the trial courts, a somewhat paternalistic view of the dissolution proceedings. That is all the more true where the complaining party has not had the representation of independent adversary counsel, as shown by a lengthening list of cases. *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731 (banc 1950); *Seymour v. Seymour*, 340 S.W.2d 652, 653 (Mo.1960); *McCarty v. McCarty*, 300 S.W.2d 394, 395 (Mo.1957); *Riley v. Riley*, 603 S.W.2d 32 (Mo.App.1980); *Block v. Block*, supra; *Daffin v. Daffin*, 567 S.W.2d 672 (Mo.App.1978). If the parties do not produce evidence which will enable the trial court to pass upon the property settlement by the statutory standards, the statute appears to contemplate the trial court's *sua sponte* request for additional evidence, § 452.325(2), supra.

Appellant wife makes a second complaint, that the trial court failed to set aside her separate property before dividing the marital property, as required by § 452.330(1)(3), RSMo 1978; *In re Marriage of Brethauer*, 566 S.W.2d 462, 464–465 (Mo. banc 1978). We cannot rule this point on the record before us, for there is no evidence of any non-marital property. In fact, the property settlement agreement, which was the only evidence on the subject which the trial court had before it, recites that there is no non-marital property. However, upon setting aside the judgment approving the property settlement, reversing and remanding the same to the trial court for his consideration upon more complete evidence, the whole subject of marital and non-marital property is open for proof by the parties.

Respondent husband asserts, however, that the appellant is estopped from attacking the judgment of the court, including that portion approving the property settlement, by having accepted the benefits of the judgment. After the dissolution decree was entered on January 10, 1980, the appellant wife on March 6, 1980, applied to the court for an order requiring respondent husband to deliver to her seven items of personal property which belonged to her under the terms of the property settlement and which he was withholding from her. The items were a gold chair, a gas cookstove, a washer and dryer, player piano, and two apartment-size refrigerators. The order was granted. We take it that she already had in her possession the balance of the items, and in fact had them at the time of the decree now under attack.

A stipulation of the parties informs us that as of its date, December 17, 1980, the husband had paid to the wife the monthly child support and maintenance payments called for by the contract, and also that he had paid $47,148.79 of the $257,017.80 debts of the parties which the separation agreement had required him to pay. The receipt of these benefits by the wife, says the husband, estops her from her attack upon the judgment by appeal. Respondent cites for his position our case of *Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App.1980). There the complaining wife was denied relief because she had collected the benefits of a judgment in full and it was held that the case was moot, Id. at 686–687. The *Warren* case is not like the one now before us, for here the contract and the decree are yet in the executory stage. We hold rather upon

the authority of *Block v. Block*, supra, that the wife is not estopped by having received some of the benefits of the contract and judgment to attack the judgment upon appeal. The wife has, it is true, received some of the benefits of the judgment. We allow it may be true that she has received a larger proportion of the fruits of the judgment than had the wife in *Block*. Still the following statement in *Block*, supra at 590, is pertinent to the situation before us:

> There simply is no basis to conclude that the husband's position has been worsened and that an appeal in this case would cause him to lose in the long run if the judgment were altered at the time of the eventual determination of the appeal. This approach to the problem of the application of estoppel to marital judgments is supported by the following authorities (citations omitted), and is an application of the general rules concerning estoppel in Missouri. Under this rationale and the facts of this case, no estoppel is presented.

There is really nothing in the record to show that the respondent husband's situation will have been worsened by his partial performance of the contract and decree, and by the wife's acceptance of the benefits, if the financial aspects of the contract and decree are later modified. With or without the contract, the child support paid by the husband would certainly have been owing, and perhaps the maintenance. The record does not show what if any of the debts which he has paid were the individual liabilities of the wife. They appear to be of the character for which the husband would have been solely or jointly liable, or would have been secured by liens upon property distributed to him. If he was solely or jointly liable, or if the debts were secured by liens upon property in his possession, then his payment of them may as well be laid to his legal liability therefor or to practical necessity (in order to retain possession of his property) as to be referable to the property settlement agreement between himself and his wife and to the judgment approving and incorporating the same. Be that as it may, any debts he has paid,

should the court ultimately reject the property settlement agreement—a point we by no means prejudge—can be conveniently adjusted by the court. We hold on the authority of *Block v. Block*, supra, that the wife is not estopped from pursuing her appeal. The reader is commended to that opinion for a discussion of the subject of *estoppel in pais* as the same is applied in dissolution cases like the one now before us.

The judgment of the court approving the property settlement and separation agreement of the parties is reversed, and the case is remanded to the trial court for reconsideration upon additional evidence of the statutory factors bearing upon the conscionability or unconscionability of the property settlement agreement. The awards of child support and maintenance are so closely connected thereto that they, too, must be reversed and remanded for reconsideration by the trial court. The remainder of the judgment is affirmed.

All concur.