**TRUSTEES OF EXERMONT SUBDIVISION, Plaintiff,**

v.

**Raymond J. LaDRIERE and Christopher Reither, Defendants-Appellants,**

v.

**Donald R. CARMODY and Patricia Carmody, Defendants-Respondents.**

No. 43415.

Missouri Court of Appeals, Eastern District, Division One.

May 4, 1982.

Motion for Rehearing or Modification of Judgment Denied June 18, 1982.

David O. Danis, St. Louis, for defendants-appellants.

Robert Summers, Clayton, for plaintiff.

Leo H. MacDonald, Clayton, for defendants-respondents.

CRANDALL, Judge.

The Trustees of Exermont Subdivision filed this suit for a declaratory judgment seeking a determination that certain deed restrictions and restrictive covenants executed in 1946 were applicable to lots one and two of the subdivision's lot nine. The Carmodys (hereinafter referred to as respondents) owned lot one and the residence thereon pursuant to a deed from appellant Raymond J. LaDriere, the latter retaining ownership of the vacant lot two, subject to an option contract held by appellant Christopher Reither.[1] LaDriere and Reither desired to build a residence on lot two. The respondents filed a cross-claim seeking a declaratory judgment that the deed restrictions of the 1946 agreement applied to both lots one and two.

■ The trial court issued findings of fact and conclusions of law and entered judgment in favor of respondents on their cross-claim against appellants LaDriere and Reither, holding in part that the defendant LaDriere was estopped to deny the applicability of the 1946 restrictions on lots one and two by virtue of statements made by his agent to respondents during negotiations prior to the sale of lot one. The court further found that appellant Reither, as a holder of an option contract, was in the same position as appellant LaDriere and therefore was also bound by the doctrine of equitable estoppel[2] in the event he exercised his option to purchase. The trial court held against the Trustees of Exermont Subdivision on all issues because the agreement of restrictions on the lots in question was not signed by the predecessors in title of Raymond LaDriere. Plaintiff, Trustees of Exermont Subdivision, did not appeal and therefore the only issue before this court is the propriety of the trial court's ruling on respondents' cross-claim. Further evidence adduced at trial will be developed as it relates to the points raised by appellants.

■ In reviewing a court-tried case, the decree or judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Further, appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Appellant first contends that the trial court erred in holding that appellant LaDriere was bound by representations of his agent because there was no evidence of an agency relationship or that the alleged

---

1. Reither, although not initially a party to this action, was given leave to intervene under Rule 52.12.

2. The elements of equitable estoppel or *estoppel in pais* as applicable to the question at hand are: (1) a statement, inconsistent with the

claim afterward asserted and sued on; (2) action by the other party on the faith of such statement; and (3) injury to the other party that would result from allowing the speaker to contradict or repudiate the statement. *Block v. Block*, 593 S.W.2d 584, 589 (Mo.App.1979).

agent had express or implied authority to bind the principal. David LaDriere was the attorney for his brother, Raymond LaDriere. The property to be purchased by respondents was the LaDriere family home that Raymond had inherited from his mother. There was substantial evidence in the record, although disputed, that David LaDriere told Donald Carmody, also an attorney, that both lots were subject to restrictions that required trustee approval before respondents could make repairs to the house or before Raymond LaDriere could build a home on lot two. David LaDriere showed the home to the respondents and negotiated the sale and closing of the property to them. Raymond LaDriere testified that David was his attorney "off and on prior to and up to the sale" and that David was empowered to reflect his wishes in the sales contract. There was also testimony that Raymond LaDriere told a third party that the restrictions were binding on the property.

▪ Mere existence of an attorney-client relationship is not sufficient to establish authority of an attorney to act for his client in the making of a contract. *Erickson v. Civic Plaza National Bank of Kansas City*, 422 S.W.2d 373, 379 (Mo.App.1967). Further, there must be independent evidence of agency other than mere declarations of the purported agent before the declarations of that person can be given any probative value. *Id.* at 381. In the instant case there was substantial evidence, if believed by the trier of fact, to permissibly infer that David LaDriere had been placed in a position of an agent for his brother Raymond and therefore his declarations regarding the restrictions were binding on the appellant LaDriere, particularly where the declarations were not "so unusual or remarkable as to arouse the inquiry of a person of average business prudence." *Bank of Ferguson v. Blick*, 115 S.W.2d 27,

29 (Mo.App.1938).[3] Appellants' first contention is without merit.

▪ Appellant next contends that even if representations were made, they were not made with sufficient clarity and particularity to give rise to the doctrine of equitable estoppel. The trial court found that appellant LaDriere's agent told respondent Donald Carmody that the lots *were* subject to the subdivision restrictions and therefore any improvements on the lots required the approval of the Trustees of Exermont Subdivision. While a party is ordinarily not estopped by a mere expression of opinion, *Hanna v. Nowell*, 330 S.W.2d 595, 602 (Mo.App.1959), this is an absolute and unequivocal statement of fact. There was substantial evidence to support the finding of the trial court and therefore the finding did not constitute an abuse of discretion. Appellant LaDriere's second contention is without merit.

Appellant LaDriere next contends that respondent Carmody was not entitled to rely on the statement of appellant's agent because he knew that the restrictions did not apply to the property in question prior to the time he purchased the property and that respondent Carmody had the same access to information concerning the restrictions as did appellant LaDriere.

There was substantial evidence that respondents submitted a sales contract on October 16, 1974, for the purchase of lot one which was accepted by appellant LaDriere subject to an inclusion in the deed that respondents would support appellant in the building of a home on lot two. Appellant's agent stated that without respondents' support the trustees of the subdivision might not approve his brother's proposed home. On November 11, 1974, respondents entered into a sales contract for the sale of their old home in anticipation of moving into their new home. The closing for the purchase of

**3.** *See also Galemore Motor Co. v. State Farm Mut. Auto. Ins. Co.*, 513 S.W.2d 161 (Mo.App. 1974) wherein the general rule regarding the doctrine of apparent authority was discussed: "[T]he principal is bound by the acts of [its] agent when [it] has placed the agent in such a position that persons of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority and that they may deal with him in reliance on such assumption." *Id.* at 166.

the new home was held on November 29, 1974. Prior to and at the time of the closing there were further negotiations between respondent Donald Carmody and David LaDriere. At the closing, after respondents had signed the note and deed of trust, appellant Raymond LaDriere first indicated to respondents that the restrictions did not apply.

Appellant LaDriere's last minute recantation regarding the application of the subdivision restrictions is insufficient to prevent the application of the doctrine of equitable estoppel. While it is correct that a party cannot claim estoppel where he knew or had the same means of knowledge of the truth, Land Clearance for Redevelopment Authority of *Kansas City v. Dunn*, 416 S.W.2d 948, 951 (Mo.1967), respondents' knowledge in this case was acquired *after* they had entered into a sales contract for the sale of their old home and had thus acted to their detriment. Further, there was evidence to show that the parties did not have the same access to information. Appellant and his agent were brothers. The sale of the property was their deceased ·parents' home. Appellant knew that his father had not signed the subdivision restrictions. The assertion that the subdivision restrictions did apply by appellant's agent was not of such a remarkable nature as to reasonably arouse the suspicion of respondents. *Blick*, 115 S.W.2d at 29. The trial court found that, based upon the evidence, the respondents reasonably relied on the statement of appellant's agent. We defer to the judgment of the trial court.

The last point raised is the contention of appellant Reither that the trial court erred in applying the doctrine of equitable estoppel to him. The trial court in its findings of fact and conclusions of law stated:

> Defendant Reither is in no better position than defendant LaDriere. As a holder of an option contract executed by defendant LaDriere, defendant Reither is entitled to receive as much, but no more than, defendant LaDriere is legally able to sell him, and the law of equitable estopple [sic] limits what defendant LaDriere is

legally able to sell defendant Reither in the event that Reither decides to purchase under his option contract.

Appellant, as an option holder, has a contract which gives him the right to purchase lot two of lot nine at a given price within a given period of time. He does not own an interest or title in the land. The evidence indicated that he entered into an extension of his option contract with full knowledge of this lawsuit. Should he purchase the lot in question he would take with full knowledge of the judgment of the trial court in this case and would be estopped himself. *Johnson v. Pattison*, 185 N.W.2d 790, 795 (Iowa 1971).

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.