Susan B. FEINBERG,
Petitioner-Appellant,

v.

Daniel B. FEINBERG, Respondent.

Nos. 46938, 47628.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Frank Susman, Clayton, for petitioner-appellant.

Jerry A. Klein, St. Louis, for respondent.

KAROHL, Presiding Judge.

Susan Feinberg (wife) appeals from dissolution decree alleging failure to award maintenance and inequitable distribution of marital property. While the appeal was pending in this court she also appealed from a trial court dismissal of her post-decree motions to compel compliance with the decree and for contempt. The two appeals have been consolidated. Daniel Feinberg (husband) contends that wife is estopped from seeking compliance with the decree while she is appealing the decree.

The decree terminated a nineteen year marriage, awarded custody of the six year old son to the husband, divided the marital property and awarded separate property valued at $25,000 to the wife and $48,000 to the husband. The court found husband's net worth to be "at least $1.5 Million Dollars." The court also made specific findings as to the value of five business investments and found them to have a total value of $2,248,000. These potentially income producing assets were awarded to the husband but he was ordered to pay wife the sum of $320,000 in 120 equal monthly payments of $2,666.66 plus interest at the rate of 9% on the unpaid balance.

The family home was ordered sold and the net proceeds equally divided. The home was sold for $174,500. After paying off a purchase money deed of trust for $56,000 and the $14,000 cost of sale there remained $104,000. Respondent husband contends that this sum is subject to a further subtraction of $35,000 representing money borrowed from his father and used in construction of the home. There was a note but no deed of trust on the loan. The dissolution decree does not provide whether this unsecured debt of respondent is to be paid before the net proceeds are equally divided.

Appellant was not awarded maintenance "because the court's division of marital property adequately takes care of petitioner's needs based upon the high standard of living the parties have been accustomed to during the course of the marriage." The decree stated, however, that "maintenance should be awarded to Petitioner [wife] if the award of marital property to Petitioner is reduced."

On appeal wife contends that (1) the trial court improperly divided the marital property and incorrectly failed to award maintenance, and (2) that the trial court should have determined that the loan from husband's father was not to be deducted from the cost of sale of the house and should have released the controverted sum from escrow. Husband maintains that wife's appeals should be dismissed because she simultaneously sought to contest and enforce the decree.

We review under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and must uphold the trial court decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Ware v. Ware*, 647 S.W.2d 582, 583 (Mo.App.1983).

Appellant wife argues that an award of 16% of the marital property to her and 84% to respondent is an abuse of discretion. Respondent replies that it was not because: (1) If all separate and marital property are considered together the percentages are 27% for the wife and 73% for the husband; (2) the disparity is justified by petitioner's marital misconduct; (3) petitioner will receive under the decree approximately $400,-

000; and, (4) the value of the business assets retained and received by respondent is speculative because they are minority interests, not easily marketable, produce little income and are highly mortgaged.

Section 452.330.1 RSMo 1978, amended 1981, sets forth four non-exclusive factors to consider in the just distribution of marital assets; (1) the contribution of each spouse to the acquisition of marital property, including the contribution of a spouse as a homemaker; (2) the value of the property set aside to each spouse; (3) the economic circumstances of each spouse; and (4) the conduct of the parties during the marriage. In addition in this case it is necessary to consider the instability of the business interests. Rarely, if ever, will these guidelines require exact equality. *D__ L__ L__ v. M__ O__ L__*, 574 S.W.2d 481, 486 (Mo.App.1978).

■ The general rule is that a just division takes precedence over an equal division, particularly where one party has engaged in misconduct. *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 120 (Mo.App. 1982). However, marital misconduct "should not be seized upon as the sole basis for awarding an inadequate share of marital property to an offending spouse." *Fields v. Fields*, 643 S.W.2d 611, 616 (Mo. App.1982).

■ Here, wife was awarded separate property worth $25,000, $6,000 of marital furnishings, a car worth $5,000, one-half of the 1981 federal income tax refund, one-half of the net proceeds of the family home, and in lieu of a share of the business interests $320,000 payable in 120 monthly installments with 9% interest paid monthly on the unpaid balance. Husband was awarded custody of the minor child, separate property worth $48,000, three cars worth $37,800, one-half of the net proceeds of the family home, various investments worth $8,000, $4,000 worth of marital furnishings, one-half of the 1981 federal income tax refund and full ownership of $2,290,000 worth of business investments

subject to the $320,000 payment to wife. Considering the admitted misconduct,[1] the value of the separate and marital property awarded to appellant, and speculative nature of the business investments representing the bulk of the marital property awarded to the respondent, we find no abuse of discretion. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

■ There was also no abuse of discretion in failing to award maintenance in view of § 452.335.1 and .2. The decree provides sufficient property to provide for appellant's needs and notes that if the award of marital property is reduced petitioner shall be awarded maintenance. This provision is neither an express grant or denial of maintenance. Maintenance is denied only if wife actually receives the marital property awarded to her. The trial court has reserved jurisdiction to consider periodic maintenance when or if the marital property award is reduced or not paid. It is not necessary for the court to award a nominal fee in maintenance to retain jurisdiction over the issue of maintenance. *Geil v. Geil*, 647 S.W.2d 161, 162 (Mo.App.1983). We affirm the denial of maintenance but hold that the court has retained jurisdiction on the issue of maintenance in the event husband fails to fully satisfy the award of marital property made to wife.

Pending resolution of the appeal on distribution of marital property and maintenance wife filed a motion with the trial court to compel compliance with the decree (i.e. to have the proceeds from the sale of the home distributed) and for contempt maintaining that husband had not made all the monthly payments required by the decree. The trial court dismissed the motions for lack of jurisdiction due to the pending appeal. Here, the wife argues first that the trial court did have jurisdiction to act on the motions and second that since the trial court failed to act the appellate court should distribute the proceeds of the sale. Husband maintains that this court should dismiss wife's appeal based on a theory of

1. The decree made no finding of misconduct.

estoppel—having accepted the benefits of the judgment she should not be heard to attack it.

■ We need not dismiss the appeal here because the attempt to enforce the decree and the acceptance of *partial* payment is not inconsistent with a request for redistribution of assets or maintenance. *Arnsperger v. Arnsperger*, 624 S.W.2d 87, 90 (Mo.App.1981). Estoppel is not a valid defense in a dissolution proceeding if the party asserting the defense does not prove he or she will suffer a detriment by the other party accepting the benefits of the dissolution decree. *Block v. Block*, 593 S.W.2d 584, 589–90 (Mo.App.1979). Husband has shown no such harm here. Only the wife has appealed and she requests a greater share of marital property.

■ We need not decide the issue of whether the trial court was without jurisdiction to enforce its judgment by contempt or by an order to compel compliance. The original appeal divested the court of jurisdiction of the case as to any judicial function but not to a purely executive function. Rule 75.01; *Brock v. Steward*, 519 S.W.2d 365, 367 (Mo.App.1975). In the case here the motion for contempt and the motion to compel compliance were addressed to the court's discretion thus could have been denied without prejudice pending resolution of the appeal. In view of the following resolution of the merits on the motion to compel compliance we reserve the question of whether the motions should have been denied on jurisdictional grounds.

■ The motion to compel compliance sought to have $19,401.48 from the sale of the home held in escrow released to wife. The dissolution decree provided that the net proceeds of the sale of the house were to be divided equally by husband and wife. Following the sale of the house $40,375.83 was placed in escrow because of a dispute between husband and wife concerning the $35,000 loan from husband's father that was used to finance part of the construction of the house and certain other bills associated with the home. We decline to interpret the meaning of "net" proceeds as it appears in the decree. In an appropriate case it may be done by an appellate court. Rule 84.14. If it were strictly a matter of law it appears that the term would mean gross sales price of the house, less liens (deed of trust, taxes, subdivision assessment) and sale costs (any expense of sale includable as a deduction on tax returns) but not an unsecured debt to respondent's father. The deductions from gross to define "net" in this case are as much matters of fact as of law. The trial court can therefore add clarity and resolve the dispute as to his intent.

The motion to dismiss the appeal is denied. The dissolution decree judgment is affirmed but amended to reserve the issue of periodic maintenance in the event marital property awarded to petitioner is not paid. The cause is remanded for the limited purpose of clarifying the term net proceeds and for an order distributing the funds held in escrow consistent with the clarification.

REINHARD and CRANDALL, JJ., concur.