**Norman Dean EPPERSON, Petitioner-Respondent,**

v.

**Iva June EPPERSON, Respondent-Appellant.**

**No. 13484.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 27, 1984.

John S. Beeler, Houston, for respondent-appellant.

David H. Dunlap, Don M. Henry, West Plains, for petitioner-respondent.

MAUS, Judge.

This is an appeal from an order of the Circuit Court of Texas County dismissing appellant-wife's motion to set aside the judgment in an action for dissolution. By her motion, the wife sought to set aside that portion of the judgment finding a separation agreement not to be unconscionable and setting apart the parties' property in accordance therewith.

On April 27, 1982, husband and wife executed a separation agreement which divided the property belonging to the parties. On the same day husband and wife filed a joint petition for dissolution of their marriage and approval of the separation agreement. The wife was not represented by an attorney as shown by her affidavit attached to the joint petition.

The action was heard on June 8, 1982. The transcript shows the hearing was perfunctory in nature. The husband testified as to background details about the marriage and concerning the separation agreement. He felt the agreement was fair to both and made adequate provisions for the wife. When asked if he wanted the court to approve the contract, he replied, "Yes." The wife was not sworn to testify but the husband's attorney asked her if she wanted the court to approve the contract. She replied, "Yes."

On June 16, a formal judgment was entered as of June 8, 1982. By that judgment, the marriage was dissolved. Further, it was found that the separation agreement was not unconscionable and, in accordance with that agreement, it was made part of the decree by reference.

The instant motion was filed on August 22, 1983, more than fourteen months after the judgment was entered. The motion is narrative in nature. The motion in general terms states three complaints. First, she was not represented by counsel. Second, she was under duress and mental strain at the time she entered into the separation agreement. Third, there was insufficient evidence of the economic circumstances of the parties on which the trial court could base a finding of conscionability and there-

fore the judgment is not final. By the most liberal construction, the motion did not state a cause of action to set aside that portion of the judgment for fraud or duress. The respondent-husband filed a motion to dismiss the wife's motion to set aside. The trial court sustained that motion to dismiss stating "the Court does not believe the judgment of June 16, 1982, can be set aside in this proceeding." This appeal followed.

■ By her brief in this court, the wife does not urge her first two ill-stated complaints. Regardless of the legal sufficiency of the statement of those complaints, they have been abandoned. *Hastings v. Coppage*, 411 S.W.2d 232 (Mo.1967). The only basis for setting aside the judgment presented to this court is the asserted lack of finality of the judgment.

■ Section 452.325.2 in part provides: "[T]he terms of the separation agreement, ... are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." It has been repeatedly held that in considering the propriety of a separation agreement "the court should consider the factors recited in § 452.330 for a division by the court where no agreement exists." *Block v. Block*, 593 S.W.2d 584, 591 (Mo.App.1979). Also see *Rojas v. Rojas*, 595 S.W.2d 729 (Mo.App.1980). However, it has been incisively observed, "[h]ere, however, the property division was made by the parties' agreement, and the trial court was bound by that agreement unless the agreement is unconscionable, § 452.325(2)—unconscionability being an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." *Peirick v. Peirick*, 641 S.W.2d 195, 196–197 (Mo.App.1982). It is clear a determination that a separation agreement is not unconscionable should not be made in a perfunctory fashion without evidence of the economic circumstances and other relevant factors. *Arnsperger v. Arnsperger*, 624 S.W.2d 87 (Mo.App.1981).

To establish her contention, the wife first argues the dissolution court erred because it acted in the absence of such evidence. She then borrows language of cases prior to *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980). She asserts the failure of the dissolution court to determine the character and value of the property of the parties is a failure by the court to exhaust its jurisdiction. Therefore, she concludes, the judgment in question was entered upon the basis of insufficient findings and evidence and is not final. To sustain this conclusion she cites cases such as *In re Marriage of Dusing*, 654 S.W.2d 938 (Mo.App.1983); *Marks v. Marks*, 618 S.W.2d 249 (Mo.App.1981).

The citation of such cases demonstrates the fallacy in the wife's appeal. In the cases cited, the action of the trial court has been reviewed upon appeal. A judgment may or may not be final for a variety of reasons. This court has been cited to no case that holds the insufficiency of the evidence upon which it is based causes a judgment to be not final.

■ The general rule is to the contrary. "However, a judgment of a court having jurisdiction cannot be impeached collaterally by showing that the evidence on which it was based would have been insufficient on appeal to sustain the judgment." *La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo. 1955). Also see *Todd v. Garrison*, 417 F.Supp. 97 (E.D.Mo.1976); *Scott v. Scott*, 441 S.W.2d 330 (Mo.1969); *Harrison v. Slaton*, 49 S.W.2d 31 (Mo.1932). An extended discussion of the definition of a collateral attack is not required. See *Flanary v. Rowlett*, 612 S.W.2d 47 (Mo.App. 1981). It is sufficient to observe the instant motion is collateral impeachment within the above quoted rule.

The rule quoted is supported by *State ex rel. McClintock v. Black*, supra. In that case it was held "once the time for appeal has run, the order of the trial court, although it has failed to divide all of the marital property, is *res judicata* and *final* as to the property with which it has dealt."

*McClintock* at 406. A contention similar to that of the wife was denied in *Telge v. Telge,* 677 S.W.2d 403 (Mo.App.1984). Also compare *Moore v. Moore,* 657 S.W.2d 37 (Mo.App.1983); *Peirick v. Peirick,* supra; *State ex rel. Robinson v. Crouch,* 616 S.W.2d 587 (Mo.App.1981).

There are infirmities which render a final judgment subject to attack other than by appeal. These infirmities and remedies are discussed in *Godsy v. Godsy,* 565 S.W.2d 726 (Mo.App.1978), appeal dismissed 439 U.S. 960, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978). The motion as made here comes under none of these categories. This opinion should not be construed as determining whether or not the judgment in question is subject to such an attack.

This court does hold that the paucity of evidence of the economic circumstances of the parties did not cause the judgment of dissolution to be not final. The dissolution court had jurisdiction of the subject matter and the parties. The judgment is not subject to attack by the wife's motion because the dissolution court erroneously exercised that jurisdiction upon the basis of insufficient evidence. The dismissal by the trial court is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.